IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| EDWARD & JERRI KELLER, Individually, and as Property Owners,<br><br>Plaintiff,<br><br>v.<br><br>NORFOLK SOUTHERN CORPORATION and NORFOLK SOUTHERN RAILWAY COMPANY,<br><br>Defendants. | Civil Action No: 7:20-CV-00105-HL |

### ANSWER OF NORFOLK SOUTHERN CORPORATION AND NORFOLK SOUTHERN RAILWAY COMPANY TO PLAINTIFFS' COMPLAINT

COME NOW Norfolk Southern Corporation ("NSC") and Norfolk Southern Railway Company ("NSRC"), Defendants in the above-styled action, and respond to the allegations in Plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim or claims upon which relief can or may be granted.

### SECOND DEFENSE

Plaintiffs' claims are preempted, precluded and/or superseded, in whole or in part, by federal law, including but not limited to the Federal Railway Safety Act of 1970, 49 U.S.C. § 20101, *et seq.*, and/or regulations issued by the Secretary of Transportation thereunder, the Interstate Commerce Commission Termination Act of 1995, or other federal laws, rules, or regulations.

### THIRD DEFENSE

Any damages alleged by Plaintiffs were proximately caused by an act or acts, or omission or omissions, on the part of others and not NSC or NSRC, and accordingly, recovery or relief against NSC or NSRC is barred.

### FOURTH DEFENSE

NSC and NSRC state that any injury, loss or damage alleged by Plaintiffs was proximately caused or contributed to by a superseding or intervening cause or causes other than an act or omission on the part of NSC or NSRC, and thus, Plaintiffs are barred from any recovery herein, or the damages, if any, must be apportioned, and NSC and NSRC are only responsible for damages, if any, for which they are found responsible.

### FIFTH DEFENSE

Defendants state that the negligence of Plaintiffs was the sole proximate cause of Plaintiffs' damages, and accordingly, Plaintiffs are barred from any recovery herein. Alternatively, the negligence of Plaintiffs, if not the sole proximate cause of Plaintiffs' damages, was a concurrent cause that proximately contributed to Plaintiffs' damages, and NSC and NSRC request that the Court compare and assess the proportionate percentage of negligence attributable to the Plaintiffs.

### SIXTH DEFENSE

NSC and NSRC state that the alleged incident underlying Plaintiffs' claims was not reasonably foreseeable by NSC or NSRC.

**SEVENTH DEFENSE**

NSC and NSRC state that the damages were caused by the negligence of the Plaintiffs, which negligence, if not the sole cause of the damages, equaled or exceeded the negligence of all other parties to the accident, and accordingly, Plaintiffs cannot recover in this action.

**EIGHTH DEFENSE**

The damages or losses of which Plaintiffs complain were not in any manner caused or contributed to by any wrongful act or omission of Defendants.

**NINTH DEFENSE**

Defendants deny that they created a nuisance, engaged in trespass, were negligent or otherwise liable as alleged in Plaintiffs' Complaint and further deny that they breached any duty owed to Plaintiffs.

**TENTH DEFENSE**

Defendants complied with all applicable statutes and regulations, both federal and state, in the operation and use of the property that is the subject of Plaintiffs' Complaint.

**ELEVENTH DEFENSE**

Defendants assert that Plaintiffs' injuries and damages, if any, were proximately caused by an act of God or natural condition or event, and *force majeure* events, and accordingly, recovery or relief against Defendants is barred.

**TWELFTH DEFENSE**

Plaintiffs' Complaint should be dismissed, as Defendants' use of property and/or exercise of property rights has been consistent with their constitutional and legal real property interests.

**THIRTEENTH DEFENSE**

Defendants' use of real property rights and interests and/or exercise of same has been reasonable, appropriate, necessary, and in accordance with sound industry standards, and consistent with such uses of said property rights as would be considered reasonable in the locality.

**FOURTEENTH DEFENSE**

Plaintiffs' Complaint should be dismissed inasmuch as the rainfall event(s) giving rise to the alleged damages in question were such an unusual, abnormal, and extraordinary manifestation of the forces of nature that it could not have been anticipated or foreseen by Defendants or in any manner arising from or relating to any activities or uses of real property and/or exercise of property rights by NSC and/or NSRC.

**FIFTEENTH DEFENSE**

Defendants state that the damages, if any, of which Plaintiffs complain were exacerbated by Plaintiffs' failure to mitigate the damages.

**SIXTEENTH DEFENSE**

NSC and NSRC hereby incorporate by reference, as though specifically set forth herein, any and all affirmative defenses generally recognized as applicable to actions of this type asserted by Plaintiffs in the Complaint.  Such defenses include, but are not limited to, any and all affirmative defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure or known under existing law, rule, regulation or statute, or which may become recognized in the future by courts or promulgated by rule or regulation or otherwise enacted into law.

**SEVENTEENTH DEFENSE**

Defendants would further show that Plaintiffs' alleged damages were caused, in whole or in part, by preexisting conditions, or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence made the basis of Plaintiffs' claim against NSC and NSRC. Accordingly, damages, if any, must be apportioned, and NSC and NSRC are only responsible for damages, if any, for which they are found responsible.

**EIGHTEENTH DEFENSE**

Defendants incorporate the defenses set forth in their Notice of Removal.

**NINETEENTH DEFENSE**

Defendants reserve the right to amend their Answer to include additional affirmative defenses should discovery and investigation reveal such further affirmative defenses.

**TWENTIETH DEFENSE**

Plaintiffs cannot meet the requirements of O.C.G.A. § 51-12-5.1, and as a result, punitive damages may not be awarded in this case.

**TWENTY-FIRST DEFENSE**

Without waiving their denial of liability to the Plaintiffs, including without limitation their denial of any liability for punitive damages, Defendants plead the limitations on punitive damages imposed by O.C.G.A. § 51-12-5.1.

**TWENTY-SECOND DEFENSE**

The award of punitive damages pursuant to a procedure which fails to provide a reasonable limit on the amount of the award against the Defendants violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 1, Paragraph 1 of the Georgia Constitution.

**TWENTY-THIRD DEFENSE**

The award of punitive damages pursuant to a procedure which fails to provide specific standards or guidelines for the amount of the award violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 1, Paragraph 1 of the Georgia Constitution.

**TWENTY-FOURTH DEFENSE**

The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which violates the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

**TWENTY-FIFTH DEFENSE**

The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

**TWENTY-SIXTH DEFENSE**

The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and Article I, Section 1, Paragraph 17 of the Georgia Constitution.

**TWENTY-SEVENTH DEFENSE**

The award of punitive damages in such a way that may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

**TWENTY-EIGHTH DEFENSE**

The award of punitive damages under a procedure which results in the imposition of different penalties for the same or similar acts violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

**TWENTY-NINTH DEFENSE**

The award of punitive damages to the plaintiffs in this case would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution and the Due Process Clause of Article I, Section 1, Paragraph 1 of the Georgia Constitution.

**THIRTIETH DEFENSE**

The Plaintiffs' demand for punitive damages violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

**THIRTY-SECOND DEFENSE**

The Plaintiffs' demand for punitive damages violates the Sixth Amendment of the United States Constitution in that the Plaintiffs' claim for punitive damages is a claim that is penal in nature, entitling the defendants to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

**THIRTY-THIRD DEFENSE**

The Plaintiffs' demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while the defendant is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

**THIRTY-FOURTH DEFENSE**

The Plaintiffs' demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

**THIRTY-FIFTH DEFENSE**

The Plaintiffs' demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on the plaintiffs is less than the 'beyond a reasonable doubt' standard required in criminal cases.

**THIRTY-SIXTH DEFENSE**

The Plaintiffs' demand for punitive damages is unconstitutional under the Constitution of the State of Georgia which provides in Article I, Section 1, Paragraph 1 that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

**THIRTY-SEVENTH DEFENSE**

The Plaintiffs' demand for punitive damages is unconstitutional under the Constitution of the State of Georgia which provides in Article I, Section 1, Paragraph 1, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden of proof on the plaintiffs which is less than the 'beyond a reasonable doubt' burden of proof required in criminal cases.

**THIRTY-EIGHTH DEFENSE**

The Plaintiffs' demand for punitive damages is unconstitutional under the Constitution of the State of Georgia, in that it violates Article I, Section 1, Paragraph 1, by claiming punitive damages which are penal in nature while the defendants are compelled to disclose documents and/or other evidence without a constitutional safeguard against self-incrimination.

**THIRTY-NINTH DEFENSE**

The imposition of punitive damages in the unbridled discretion of the jury violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

**FORTIETH DEFENSE**

The events that formed the basis of Plaintiffs' Complaint were the result of natural forces beyond the control of any Defendant.  The Plaintiffs' causes of action, or any legally recognized cause of action by the courts of this State arising from an unprecedented event(s), would result in the deprivation of the constitutional rights of NSC and NSRC guaranteed by the Constitution of the United States and the Constitution of the State of Georgia.

**FORTY-FIRST DEFENSE**

Defendants incorporate by reference thereto their prior affirmative defenses and now respond to the individually numbered paragraphs in Plaintiffs' Complaint as follows:

1.

Defendants admit that both NSC and NSRC are Virginia corporations authorized to conduct business in Georgia.  Defendants further admit that their registered agent in Georgia is located at 577 Mulberry Street, Suite 1500, Macon, Georgia 31201.  Any remaining allegations in Paragraph 1 of Plaintiffs' Complaint are denied as pled by Plaintiffs.

2.

Defendants admit only that NSRC maintains a railroad in Echols County, Georgia. Any remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint are denied as pled by Plaintiffs.

3.

The allegations contained in Paragraph 3 of Plaintiffs' Complaint require no response from Defendants, but to the extent a response is required, said allegations as characterized by Plaintiffs are denied by Defendants.

4.

Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint, and as such the allegations are denied at this time.

5.

Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint, and as such the allegations are denied at this time.

6.

Defendants deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.

Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint, and as such the allegations are denied at this time.

8.

Defendants admit only that the track roadbed includes the appropriate drainage components as required by federal law.  Any remaining allegations in Paragraph 8 of Plaintiffs' Complaint are denied as pled by Plaintiffs.

9.

Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.

Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.

Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.

Defendants are without knowledge or information at this time sufficient to allow them to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint as pled by Plaintiffs.

13.

Defendants deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint as pled by Plaintiffs.

14.

Defendants admit only that employees were present in this area for track inspection, but Defendants deny all remaining allegations in Paragraph 14 as pled by Plaintiffs.

15.

Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint as pled by Plaintiffs, but admit that water accumulated in and around certain areas of the railroad track which traversed Echols County, Georgia.

16.

Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint as pled by Plaintiffs.

17.

Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint as pled by Plaintiffs.

18.

Answering the allegations contained in Paragraph 18 of Plaintiffs' Complaint, Defendants admit only that equipment was brought to Echols County to address accumulation of water adjacent to the railroad track.

19.

Defendants deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint as pled by Plaintiffs.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint as pled by Plaintiffs.

21.

Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Complaint as pled by Plaintiffs.

22.

Defendants deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint as pled by Plaintiffs.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiffs' Complaint as pled by Plaintiffs.

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.

Defendants deny the allegations contained in Paragraph 26 of Plaintiffs; Complaint.

27.

Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.

Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.

Defendants deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.

Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.

Defendants deny the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.

Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.

Defendants are without knowledge or information sufficient to allow them to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiffs' Complaint, and as such said allegations are denied by Defendants at this time.

36.

Defendants deny all paragraphs, subparagraphs, and sentences not specifically responded to herein.

WHEREFORE, Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company demand that Plaintiffs' Complaint be dismissed, and that this Court award Defendants their costs of defending this action. In the alternative, Defendants move this Honorable Court for a trial before a jury of twelve persons, and for such other and further relief as may be just and proper.

This 10th day of June, 2020.

                                                          ***/s/ Amanda M. Morris***
                                                          MARK E. TOTH
                                                          Georgia Bar No. 714727
                                                          AMANDA M. MORRIS
                                                          Georgia Bar No. 141676

Hall, Bloch, Garland & Meyer, LLP
Post Office Box 5088                             *Attorneys for Defendants*
Macon, Georgia 31208-5088
Telephone: (478) 745-1625
Facsimile: (478) 741-8822
amandamorris@hbgm.com
marktoth@hbgm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2020, I electronically filed *Answer of Norfolk Southern Corporation and Norfolk Southern Railway Company to Plaintiffs' Complaint* by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage thereon **and** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

>Reginald C. Wisenbaker
>Wisenbaker & Swan, LP
>301B North Patterson St.
>Valdosta, Georgia 31601
>rexwisenbaker@yahoo.com
>*Attorney for Plaintiff*

This 10th day of June, 2020.

>*/s/ Amanda M. Morris*
>AMANDA M. MORRIS